Jimmie L. MORRISON,
Petitioner–Appellant,

v.

Jack R. DUCKWORTH, Warden and
Attorney General of the State of
Indiana, Respondents–Appellees.

No. 89–1174.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 10, 1990.

Decided April 6, 1990.

Debra J. Stanek, Sidley & Austin, Chicago, Ill., for petitioner-appellant.

Sabra A. Weliever, Deputy Atty. Gen., Office of the Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before WOOD, Jr., CUDAHY and EASTERBROOK, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Jimmie L. Morrison brought this habeas petition to challenge his conviction for child molestation. In an earlier unpublished order, we held that Morrison had exhausted all of his state remedies by procedurally defaulting and remanded for a determination of whether cause and prejudice existed to excuse Morrison's procedural defaults. The district court determined that Morrison had failed to establish either cause or prejudice. We affirm.

## I. FACTUAL BACKGROUND

In 1983, an Indiana Superior Court convicted Morrison of child molestation. Because Morrison was a habitual offender, the court added thirty years to what otherwise would have been a two-year sentence. On direct appeal, Morrison only challenged the sufficiency of the evidence.[1] While the direct appeal was pending, Morrison filed a habeas petition with the original state trial court that had just convicted him. The state trial court construed the petition as a request for postconviction relief and summarily denied it because a direct appeal was pending.

Not content with the progress of his case in state court, Morrison filed a habeas petition in federal district court. Because Morrison's direct appeal was still pending before the Indiana appellate courts, the district court dismissed this first federal habeas petition for failing to exhaust state remedies, and, in an unpublished order, we dismissed an appeal from that decision. Subsequently, the Indiana Supreme Court affirmed Morrison's conviction. *See Morrison v. State*, 462 N.E.2d 78 (Ind.1984).

In the meantime, Morrison had filed yet another habeas petition in Indiana state court. The state trial court held an evidentiary hearing and denied the petition. It addressed claims that (a) Morrison's counsel was ineffective; (b) Morrison's sentence constituted cruel and unusual punishment; and (c) Morrison's counsel did not inform him that the state had amended the charges against him. With fatal consequences to the present habeas petition, Morrison never appealed or filed for postjudgment relief from the state court's decision.

Morrison then filed a new habeas petition in federal court and started the litigation that leads to our decision today. This petition concerns the legality of his arrest, cruel and unusual punishment, due process, equal protection, and the right to effective assistance of counsel. The district court initially dismissed this petition on the grounds it contained unexhausted claims but later granted a motion to reconsider its initial decision and reached the merits of Morrison's claims only to reject them. On appeal, we held in another unpublished order that Morrison had " 'exhausted' his [state] remedies by spurning them.... [and] the concomitant of exhaustion via neglect is that the claims may be presented in federal court only if the prisoner establishes 'cause' for the default and 'prejudice' as a result." [2] Because the district court had never reached the issue of

---

1. Morrison has represented that he made a written request to his counsel for the direct appeal that issues in addition to sufficiency of the evidence be raised. Other than statements in Morrison's briefs before this court and the district court, no evidence to support this assertion appears in the record. Because statements contained in briefs may not be used to supplement the record, *Hicks v. Mickelson*, 835 F.2d 721, 724 (8th Cir.1987), we cannot consider Morrison's representation.

2. Morrison has asked this court to reconsider its previous holding that he had exhausted his state remedies by default and dismiss the case without prejudice so that he may pursue his claims in state court. Our previous ruling, however, has become the law of the case, and Morrison has not advanced a compelling reason for us not to apply this doctrine. *See Evans v. City of Chicago*, 873 F.2d 1007, 1014 (7th Cir.1989), *petition for cert. filed*, 58 U.S.L.W. 3505 (U.S. Jan. 22, 1990) (No. 89–1191); 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478, at 790 (1981). The proper time for Morrison to have asked for reconsideration of our previous decision was in a petition for rehearing.

cause and prejudice, we remanded for such a determination. The district court found neither cause nor prejudice existed to excuse Morrison's procedural defaults.

## II. DISCUSSION

The habeas petition before this court raises a variety of constitutional claims. To assert these claims in a federal habeas petition, Morrison must have given the Indiana state courts a full and fair opportunity to review them. *See Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). When a prisoner like Morrison fails to give the state courts a full and fair opportunity to review his claims, a procedural default occurs. Therefore, we previously held that, by failing to present his fourth amendment, double jeopardy, due process, and equal protection claims to the Indiana state courts either on direct appeal or postconviction, Morrison had waived these claims and procedurally defaulted.[3] Morrison can only bring these claims in his federal habeas petition if he can show cause and prejudice.

 To establish cause for failing to bring claims at trial and on direct appeal, Morrison points toward the ineffectiveness of both his trial and appellate counsel.[4] In his state habeas proceedings, Morrison failed to present the claim of ineffectiveness of his appellate counsel and failed to appeal the denial of his claim of ineffectiveness of his trial counsel.[5] Before a state prisoner can use ineffective assistance of counsel as cause for a procedural default, he must first present this claim to the state

courts. *Murray v. Carrier,* 477 U.S. 478, 488–89, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986). By failing to appeal or present his sixth amendment claims in the Indiana postconviction proceedings, Morrison has procedurally defaulted them. *See Zellers v. Duckworth,* 763 F.2d 250, 252 (7th Cir.) (failure to appeal from denial of postconviction relief), *cert. denied,* 474 U.S. 952, 106 S.Ct. 319, 88 L.Ed.2d 302 (1985); *Williams v. Duckworth,* 724 F.2d 1439, 1442 (7th Cir.) (failure to raise effectiveness of appellate counsel in postconviction petition), *cert. denied,* 469 U.S. 841, 105 S.Ct. 143, 83 L.Ed.2d 82 (1984). Thus, Morrison must establish cause and prejudice for his procedural defaults at the state postconviction level.

To establish cause for his procedural defaults in the state habeas proceedings, Morrison seizes upon the deficiencies in his postconviction counsel's performance. Specifically, Morrison takes considerable exception to his postconviction counsel's advice that he "was not required to appeal" the denial of his state habeas petition. It is unquestioned that Morrison had a right to appeal, although there was no requirement that he do so.

 To show cause, a habeas petitioner could try to demonstrate that his counsel's performance was so deficient as to violate the sixth amendment guarantee of effective assistance of counsel. *Carrier,* 477 U.S. at 488, 106 S.Ct. at 2645. Before a habeas petitioner can use ineffective assistance of counsel as grounds to establish cause, however, he must first have a right

---

**3.** Because of the convoluted procedural history, it is sometimes difficult to discern whether Morrison waived any particular claim by failing to present it at the trial, appellate, or postconviction level or by failing to appeal from the denial of postconviction relief. It does not matter exactly where a particular claim was defaulted. To have us reach the merits of any claim, Morrison must ultimately show cause and prejudice for the defaults at the postconviction level.

**4.** Because his appellate counsel was limited only to the errors filed by his trial counsel in the posttrial motion to correct errors, Morrison argues a de facto identity of appellate and trial counsel occurred. Based on our holding in *Riner v. Owens,* 764 F.2d 1253, 1257 (7th Cir.

1985), *cert. denied,* 475 U.S. 1055, 106 S.Ct. 1282, 89 L.Ed.2d 589 (1986), Morrison contends that this is a sufficient showing of cause for failing to bring issues on the direct appeal. Whether identity of trial and appellate counsel occurred, Morrison has not shown cause for procedurally defaulting this issue during the postconviction proceedings.

**5.** Morrison contends he did try to raise the ineffectiveness of his appellate counsel but that the state postconviction court inexplicably failed to reach the issue. Even if he did raise this claim in the state postconviction proceedings, he has defaulted it by failing to appeal. Thus, it is inconsequential whether Morrison's version of the facts is correct.

to counsel. Morrison had no constitutional right to counsel when mounting his collateral attack on his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Thus, he cannot rely on ineffective assistance of counsel during his state habeas proceedings as grounds to establish cause.[6]

■ We do not suggest that the grounds for cause are identical with the grounds for constitutionally ineffective assistance of counsel. The petitioner can also establish cause by showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645; *see also* 3 W. LA FAVE & J. ISRAEL, CRIMINAL PROCEDURE § 27.4(e) (1984 & Supp.1989) (discussing cause and prejudice standard). Examples of external impediments include factual or legal defenses not originally available or interference by officials that makes compliance with state procedures impracticable. *Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645. Where the sixth amendment right to counsel has attached, attorney error short of ineffective assistance cannot be an external impediment constituting cause. *Id.* at 492, 106 S.Ct. at 2647. Because Morrison had no constitutional right to counsel during his postconviction proceedings, *Carrier* would suggest that he could never use his attorney's conduct to establish cause.

■ In cases similar to the present one, where the sixth amendment right to counsel is not applicable, the failure to excuse procedural defaults could present problems. Attorney conduct at the postconviction level can be so deficient that it would otherwise constitute ineffective assistance in the context of the right to counsel. One can imagine scenarios where egregious attorney misconduct in a state postconviction proceeding would make it unjust to hold a federal habeas petitioner to any resulting

default. Nevertheless, we need not decide today whether attorney error absent a right to effective assistance of counsel can ever be an external impediment constituting cause for a procedural default. The advice of Morrison's postconviction counsel that he need not appeal was not such an external impediment. The statement was literally true, and there was no indication that Morrison, an experienced pro se litigator, was ignorant of his right to appeal; in fact, Morrison had filed numerous motions during the direct appeal of his criminal conviction and had discussed the possibility of appeal with his postconviction counsel. Furthermore, beyond mere speculation, Morrison has not suggested any attorney error caused some of his claims to be defaulted by excluding them from the state habeas petition.

### III. CONCLUSION

In summary, Morrison has not demonstrated cause for his procedural defaults during the state habeas proceedings. Because he did not establish cause for defaulting his claims of ineffective assistance of trial and appellate counsel, he cannot advance these claims as cause for his failure to present other claims at trial and on direct appeal. Without a showing of cause, we need not reach the issue of whether prejudice exists to excuse his defaults. Morrison has waived his habeas remedy in federal court. Accordingly, the judgment of the district court dismissing Morrison's petition for a writ of habeas corpus is AFFIRMED.

---

6. Some of our pre-*Finley* cases could be interpreted to mean ineffectiveness of postconviction counsel may constitute cause. *See, e.g., Cartee v. Nix*, 803 F.2d 296, 301–02 (7th Cir.1986), *cert. denied*, 480 U.S. 938, 107 S.Ct. 1584, 94 L.Ed.2d 774 (1987); *Zellers v. Duckworth*, 763 F.2d 250, 252–53 (7th Cir.), *cert. denied*, 474 U.S. 952, 106

S.Ct. 319, 88 L.Ed.2d 302 (1985); *Williams v. Duckworth*, 724 F.2d 1439, 1442 (7th Cir.), *cert. denied*, 469 U.S. 841, 105 S.Ct. 143, 83 L.Ed.2d 82 (1984). To the extent these cases suggest that ineffective assistance of postconviction counsel can constitute cause, they have little continuing precedential effect in light of *Finley*.