937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Prince A. BURNS, Petitioner/Appellant,
v.
Richard B. GRAMLEY, Respondent/Appellee.
 No. 90-2287.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 2, 1991.*
Decided July 16, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Prince Burns appeals from the district court's denial of his petition for a writ of habeas corpus for want of exhaustion. While we conclude that the district court erred in ruling that Mr. Burns had failed to exhaust his state court remedies, we hold that Mr. Burns has not adequately shown "cause" and "prejudice" for his failure to present his arguments in support of his petition to the state court. Therefore, we affirm.
 
 I.
 
 2
 In 1980, Prince A. Burns was convicted by a jury in Cook County, Illinois of the murder of his wife and was sentenced to 20-40 years in prison. In his appeal to the Illinois Appellate Court Mr. Burns argued that his conviction should be overturned because he was not proven guilty beyond a reasonable doubt and he was denied a fair trial by prosecutorial misconduct during closing arguments. The Illinois Appellate Court rejected his arguments and affirmed Mr. Burns' conviction.
 
 
 3
 Mr. Burns then filed a petition for post-conviction relief, arguing that his conviction should be reversed because of: 1) error in failing to give a jury instruction on voluntary manslaughter; 2) improper cross-examination of Mr. Burns; and 3) improper refusal to allow the defense to present character witnesses. The petition was dismissed without a hearing. The state supreme court declined to hear an appeal from this dismissal.
 
 
 4
 In 1987, Mr. Burns filed a petition for a writ of habeas corpus in federal district court. His sole claim in support of the petition was that he was denied effective assistance of counsel due to his trial counsel's failure to allow Mr. Burns to accept a plea agreement. The district court dismissed the petition, reasoning that Mr. Burns had failed to exhaust his state court remedies by not presenting the claim to the state court.
 
 II.
 
 5
 Mr. Burns must exhaust his state court remedies in order to obtain federal habeas corpus review. Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 667 (7th Cir.1990). State court remedies are exhausted when a claim has been presented to the highest state court for review of the merits or when state remedies are no longer an available avenue of review. Simmons v. Gramley, 915 F.2d 1128, 1132 (7th Cir.1990). In Illinois, the statute of limitations for filing a post-conviction petition is ten years. Ill.Rev.Stat.Ch. 38 Sec. 122-1. Furthermore, Illinois courts would treat Mr. Burns' claim of ineffective assistance of counsel as waived due to his failure to raise it on direct appeal. See Reese v. Peters, 926 F.2d 668, 671 (7th Cir.1991). Thus, for purposes of evaluating exhaustion, Mr. Burns no longer has an avenue of review available in an Illinois court and we therefore consider his claim exhausted.
 
 
 6
 Before considering the merits of Mr. Burns' petition, however, we must consider his failure to present an allegation of ineffective assistance of counsel to the Illinois court. In order for a federal court to review the merits of a procedurally defaulted claim, the petitioner must offer an explanation of both the "cause" for his failure to raise the issue in state court and the "prejudice" he suffered from that omission. Teague v. Lane, 489 U.S. 288, 298 (1989); Mickel v. Thieret, 887 F.2d 733, 737 (7th Cir.1989). Although the Respondents argue that Mr. Burns waived any opportunity to argue "cause and prejudice" because he failed to present them to the district court, their argument is without merit. The parties have included their arguments regarding "cause and prejudice" in their briefs to this court. We may therefore reach the merits of that issue.[1] See Morrison v. Duckworth, 898 F.2d 1298, 1299 (7th Cir.1990); Reese, 926 F.2d at 670-71.
 
 
 7
 Mr. Burns argues that the cause for his procedural default is his lack of legal counsel when filing his Illinois post-conviction petition. However, a lack of legal representation on a collateral attack is insufficient to establish cause for a procedural default because petitioners have no constitutional right to counsel on collateral attack. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982); Morrison, 898 F.2d at 1300-01. Further, only when counsel's performance falls so far below the norm so as to be constitutionally ineffective may it serve as sufficient "cause" to explain a procedural default. Buelow v. Dicky, 847 F.2d 420, 426 (7th Cir.1988). Without a constitutional right to counsel, Mr. Burns cannot successfully argue that the lack thereof be deemed constitutionally infirm. Therefore, Mr. Burns has failed to offer sufficient explanation for his failure to raise a claim of ineffective assistance of counsel before the state court. Having failed to find adequate cause for Mr. Burns' procedural default, we need not reach the issue of prejudice because both "cause" and prejudice must be shown in order to avoid dismissal for a procedural default. Buelow, 847 F.2d at 425. Although we disagree with its characterization of the procedural status of Mr. Burns' petition, the district court's denial of Mr. Burns' petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Burns argues that the district court was required to conduct an evidentiary hearing on "cause and prejudice" and urges this court to remand the case for such a hearing. The facts material to an analysis of "cause and prejudice" are not disputed and an evidentiary hearing is therefore not required. See, e.g., Matta-Ballestros v. Henman, 896 F.2d 255, 258 (7th Cir.1990), quoting Jeter v. Keohane, 739 F.2d 257 n. 1 (7th Cir.1984)