943 F.2d 54
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin HAMILTON, Petitioner/Appellant,
v.
Ronald HAWS, Defendant/Appellee.
 No. 90-2449.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 20, 1991.*
Decided Aug. 30, 1991.
As Corrected Sept. 6, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Kevin Hamilton appeals from the denial of his habeas corpus petition brought under 28 U.S.C. § 2254. In his petition, Hamilton alleged ineffective assistance of trial and post-conviction counsel. We affirm the district court's denial of relief.
 
 
 2
 Haws pleaded guilty to one count of murder and three counts of attempted murder in an Illinois Circuit Court. The Illinois court sentenced Hamilton to 30 years on the murder count and ten years (concurrent) on each count of attempted murder. Hamilton did not take a direct appeal of his conviction. Instead, he filed a petition for post-conviction relief in the state trial court, which was denied. The Illinois court appointed counsel to represent Hamilton on appeal of that denial. On post-conviction appeal Hamilton alleged, among other things, that: his guilty plea should be vacated because (1) the trial court failed to consider the potential defense of manslaughter before accepting his murder plea; (2) his trial counsel inaccurately advised him that a manslaughter defense was not applicable to the facts of his case; and (3) his post-conviction counsel failed to include the issue of the sufficiency of the factual basis for his guilty plea in his post-conviction petition. The Illinois Appellate Court denied Hamilton's post-conviction petition.
 
 
 3
 After the Illinois Appellate court denied the petition, appointed counsel terminated his representation of Hamilton. Counsel sent Hamilton a letter informing him that he had 35 days from the date which appeared on the face of the appellate court decision to petition the Illinois Supreme Court for leave to appeal. The letter also informed Hamilton of counsel's belief that it was unlikely that the Illinois Supreme Court would grant him leave to appeal. Hamilton did not file a petition for review in the Illinois Supreme Court.
 
 
 4
 Hamilton next filed a petition for writ of habeas corpus in the United States District Court. In his petition, Hamilton alleged ineffective assistance of trial and post-conviction counsel. The district court concluded that, by virtue of his failure to seek review of his ineffective assistance of trial counsel claim in the state's highest court, Hamilton had procedurally defaulted that claim. The district court also found that Hamilton had failed to establish cause and prejudice excusing the default. Thus, the district court dismissed Hamilton's petition without ruling on the merits of his ineffective assistance claims.
 
 
 5
 On appeal, Hamilton does not challenge the district court's finding that his failure to file a petition for leave to appeal to the Illinois Supreme Court was a procedural default.[1] Rather, Hamilton asserts that he has demonstrated the requisite cause and prejudice to excuse his failure seek to leave to appeal.
 
 
 6
 Hamilton argues that his counsel's withdrawal and statements to him that an appeal would probably be unsuccessful caused his failure to seek leave to appeal to the Illinois Supreme Court. However, as the United States Supreme Court recently reiterated, "[t]here is no constitutional right to an attorney in post-conviction proceedings." Coleman v. Thompson, 111 S.Ct. 2546, 2551-52, 115 L.Ed.2d 640 (U.S., 1991). See also Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir.1990) ("[b]efore a habeas petitioner can use ineffective assistance of counsel as grounds to establish cause, however, he must first have a right to counsel"). Consequently, counsel's withdrawal and statements concerning a petition to the Illinois Supreme Court cannot amount to a constitutional violation. Id. Hamilton does not argue that "some external impediment" caused his failure to file a petition for review in the Illinois Supreme Court. See id. Thus, Hamilton has not offered a sufficient explanation for his failure to raise the ineffective assistance claim in the Illinois Supreme Court.
 
 
 7
 In the absense of a showing of cause for the default, we need not reach the question of prejudice. Buelow v. Dicky, 847 F.2d 420, 425 (7th Cir.1988). Accordingly, the district court's denial of relief is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In Prihoda v. McCaughtry, 910 F.2d 1379, 1385 (7th Cir.1990), this court questioned why a "prisoner who preserved his claims at trial and on appeal, offering the state ample opportunity to do things right the first time, be turned away from the federal court ..." because of his failure to comply with the state's collateral attack rules. However, in this case, Hamilton concedes the procedural default