951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald SPICER, Petitioner-Appellant,
v.
James GREER and Neil F. Hartigan, Respondents-Appellees.
 No. 90-3360.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Jan. 6, 1992.
 
 Before WOOD, JR., and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald Spicer appeals the denial of his petition for a writ of habeas corpus in which he challenges the validity of his Illinois state convictions for murder and attempted armed robbery. Spicer claims constitutional error arose from the admission of evidence seized in violation of the fourth amendment. Spicer also identifies two instances which he alleges demonstrate ineffective assistance of trial counsel.
 
 I. FOURTH AMENDMENT ISSUE
 
 2
 Spicer was subject to a warrantless arrest. He sought to exclude a subsequent police station line-up in which two eye-witnesses identified him. After a six-day suppression hearing, the state trial judge held that the warrantless arrest was justified by exigent circumstances and, thus, admitted the line-up evidence. Spicer appealed the admission of this evidence to the Illinois appellate court, arguing that it was the fruit of an illegal seizure. The appellate court held that exigent circumstances did not justify the arrest. People v. Spicer, 114 Ill.Dec. 336, 516 N.E.2d 491 (Ill.App.1987). Because Spicer's arrest was illegal, the appellate court ruled that the stationhouse identification should have been suppressed. However, because both eye-witnesses identified the defendant in a photographic array before the illegal arrest and also made an in-court identification of Spicer at trial, the admission of the illegally obtained evidence was harmless error. Id. 114 Ill.Dec. at 343. The Illinois Supreme Court denied leave to appeal.
 
 
 3
 If a petitioner has had a full and fair opportunity in state court to litigate his claim that evidence was obtained and admitted in violation of the fourth amendment, he may not again raise the fourth amendment claim in a § 2254 petition. Stone v. Powell, 428 U.S. 463 (1976). See also, McClesky v. Zant, 111 S.Ct. 1454, 1462 (1991). The Illinois courts fully and fairly considered Spicer's claims; therefore, he cannot be granted federal habeas corpus relief on this ground.
 
 II. INEFFECTIVE ASSISTANCE OF COUNSEL.[1]
 
 4
 We review Spicer's ineffective assistance of counsel claim under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). Spicer must first show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Second, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 689. "The Strickland court points out the strong presumption that counsel acted in accord with sound trial strategy, a presumption the defendant must overcome." United States v. Simone, 931 F.2d 1186, 1195 (7th Cir.1991).
 
 A. Failure to Present Alibi Witness
 
 5
 Mr. Spicer presented an alibi defense. He testified that, at the time of the crime, he was with Kevin Cooks and Claude Jones. Prior to trial, defense counsel interviewed Mr. Jones in the presence of two investigators. Counsel also obtained a copy of the statement that Mr. Jones had given to the police. Mr. Cooks testified at trial, corroborating Spicer's testimony. However, at the time of trial, defense counsel was unable to locate Mr. Jones. After contacting Mr. Jones' former employer and neighbors, counsel learned that Mr. Jones had moved out of the state. Because Mr. Jones was unavailable, defense counsel introduced the statement that had been given to the police, which corroborated the testimony of both Spicer and Mr. Cooks.
 
 
 6
 Counsel's performance was not deficient. She interviewed Mr. Jones and prepared to call him as a witness. She took diligent steps to find Mr. Jones before trial, and failing to do so, she introduced the substance of his testimony which corroborated Spicer's testimony. Because Jones' statement was received in evidence, even were we to find counsel's performance deficient, Spicer can show no prejudice.
 
 B. Cross-examination
 
 7
 At trial, both Spicer and Mr. Cooks testified that Spicer was wearing a splint on his right hand on the day of the murder, October 28, 1983. Spicer testified that his hand was sutured and put in a splint on October 16, 1983 and that the splint and sutures were not removed until October 29, 1983. Spicer complains that his counsel failed to introduce medical record concerning the injury to his hand and that counsel did not cross-examine the eye-witnesses about the splint.
 
 
 8
 First, the medical records contradict Spicer's account. According to medical records, he received the sutures on September 14, 1983, which were removed on October 18, 1983, before the shooting. The record documenting the removal of the sutures does not mention the need for the wound to remain in a splint or any type of medical dressing. We can see no possible error in counsel's failure to admit this evidence.
 
 
 9
 In relation to the alibi defense, counsel also argued that the witnesses misidentified Spicer as the assailant. To this point, counsel vigorously cross-examined the witnesses about the descriptions they had given. She argued that the witnesses' testimony was vague, inconsistent and unreliable. Counsel's choice not to ask about the splint can only be viewed as a strategic choice. It would have been detrimental to Spicer's theory of defense had counsel asked, and either witness responded that they remembered seeing a splint. Spicer has failed to overcome the presumption that his counsel's actions were sound trial strategy.[2]
 
 
 10
 The district court's decision denying the writ is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 On appeal, Spicer also claims that he received ineffective assistance from both his state appellate counsel and counsel appointed by the district court on this habeas petition. We agree with the respondents that Spicer has waived any complaint of appellate counsel error because he did not raise this issue below. Gomez v. Greer, 890 F.2d 252, 254 (7th Cir.1990). To present a cognizable claim of ineffective assistance of counsel, one must first have a right to counsel. Because there is no constitutional right to counsel when mounting a collateral attack on a conviction, Spicer cannot proceed on this claim. Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir.1990); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)
 
 
 [2]
 Because Spicer has failed to demonstrate that counsel's performance was deficient, we need not discuss the prejudice prong of the Strickland test