966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alton JONES, Petitioner-Appellant
v.
Rodney AHITOW, Respondent-Appellee
 No. 91-2402.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1992.*
Decided June 25, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Alton Jones appeals pro se the district court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that there was insufficient evidence to convict him and that he received ineffective assistance of counsel.
 
 
 2
 Judge Holderman issued a well-reasoned and thorough memorandum opinion that considered all of the claims Jones advanced. Our review of the record and the briefs leads us to conclude that Judge Holderman correctly decided all of the issues Jones raised. We therefore AFFIRM the judgment based on the memorandum opinion, attached hereto as exhibit A. We add that because Jones was not entitled to counsel on his discretionary appeal to the Illinois Supreme Court, See Ross v. Moffitt, 417 U.S. 600, 610 (1973) he is barred from claiming ineffective assistance of counsel.
 
 
 3
 Jones attempts to raise two issues for the first time in his brief on appeal. He challenges the voluntariness of his confession and he raises new grounds in support of the ineffective assistance of counsel claim. Because these issues were never raised before the district court, and the ends of justice do not demand excusal of waiver, these claims are waived. Amplicon Leasing v. Coachmen Industries, Inc., 910 F.2d 468, 471 (7th Cir.1990). In addition, Alton is barred by procedural default from raising these issues because he failed to raise those issues before the state appellate court and failed to show cause for the default. Morrison v. Duckworth, 898 F.2d 1298, 1300 (7th Cir.1990).
 
 
 4
 AFFIRMED.
 
 EXHIBIT A
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 
 5
 United States of America ex rel Alton Jones, Petitioner,
 
 
 6
 v.
 
 
 7
 Rodney Ahitow, Respondent.
 
 No. 91 C 340
 
 8
 May 9, 1991.
 
 MEMORANDUM OPINION AND ORDER
 JAMES F. HOLDERMAN, District Judge:
 
 9
 Petitioner Alton Jones brings this petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2254 claiming that his convictions were based upon insufficient evidence and that Jones received ineffective assistance of appellate counsel.
 
 FACTS
 
 10
 A detailed recitation of the facts adduced at the trial of Alton Jones is provided in the Illinois Appellate Court Order of September 4, 1990. After a bench trial, Jones was found guilty of attempted first degree murder and three counts of aggravated battery. He was sentenced to twelve years imprisonment. On appeal to the Illinois Appellate Court, Jones argued that he was not proven guilty beyond a reasonable doubt because there was evidence that the gun in his possession had not been fired. The Appellate Court affirmed the judgment on September 4, 1990. Appellate counsel did not notify Jones of the affirmance within the time period allowed for filing a timely petition for leave to appeal to the Illinois Supreme Court. However, respondent asserts that the Illinois Supreme Court accepted a late petition for leave to appeal on October 15, 1990. The Court denied that petition on December 4, 1990. Jones now seeks habeas relief from this court.
 
 DISCUSSION
 I. SUFFICIENCY OF THE EVIDENCE
 
 11
 Jones asserts that he is entitled to habeas corpus relief due to the insufficiency of the evidence with which he was convicted of attempted murder and aggravated battery. Jones argues that the evidence was insufficient because there was no evidence that the gun in his possession had been fired. In fact, Jones says the evidence shows that the gun had not been fired. Specifically, Jones points out that (1) no one found bullet fragments or cartridge casings at the scene of the incident, (2) Jones' revolver was defective, and (3) an emergency room physician who treated Officer Stephen Sodergren testified that, in her opinion, the wound on Sodergren's forehead was not a gunshot wound.
 
 
 12
 In reviewing a habeas petitioner's insufficiency of evidence claim, a federal district court is required to view the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789 (1979). The court is not required to ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt but, rather, to determine whether any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Id.
 
 
 13
 In Jones' case, his convictions were not beyond a proper determination of a rational trier of fact. The September 4, 1990 order of the Illinois Appellate Court capably explains this conclusion. The State presented ample evidence that the gun in Jones' possession was fired toward Officer Sodergren. Officer Sodergren testified that, when he encountered Jones, he heard a loud sound, saw a bright flash, and felt a sharp pain. (R. at 20.) Detectives Patrick Foley and John Dahlberg and Assistant State's Attorney Alan Lynn testified that Jones stated shortly after the incident that he lowered his gun from the robbery victim, pointed the gun at Sodergren, and the gun discharged. (R. at 74, 116, 145.)
 
 
 14
 Although the evidence pointed out by Jones does call into question some of the State's evidence, these inconsistencies are not so inexplicable or overwhelming as to prevent a rational trier of fact from finding that the gun in Jones' possession was fired and from finding Jones guilty of the crimes beyond a reasonable doubt. Significantly, the trier of fact had the opportunity to assess the credibility of the witnesses. Accordingly, a writ of habeas corpus should not issue based on the sufficiency of the evidence.
 
 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 15
 Jones asserts that he was denied effective assistance of appellate counsel in that counsel did not notify him that his conviction had been affirmed by the Illinois Appellate Court until it was too late for him to file a petition for leave to appeal under Illinois Supreme Court Rule 315. Respondent's claim that Jones cannot show prejudice from his counsel's failure to timely notify him of the appellate court decision because Jones filed and the Illinois Supreme Court accepted a late petition for leave to appeal on October 15, 1990. The petition was denied on December 4, 1990.
 
 
 16
 Failure by an attorney to perfect an appeal may amount to ineffective assistance of counsel. See Clay v. Director, Juvenile Div., Dept. of Corrections, 749 F.2d 427, 431 (7th Cir.1984). However, the deficiency in counsel's performance must have been prejudicial to the defense in order to constitute ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2066 (1984).
 
 
 17
 Jones does not dispute that he was able to file a late petition for leave to appeal. Instead, Jones asserts that "the state Supreme Court Clerk merely afforded his 'late notice' as a 'meaningless ritual.' " (Reply Memorandum, p. 1.) However, Jones provides the court no basis for this belief. Illinois Supreme Court Rule 315 provides that "[w]hether ... a petition [for leave to appeal] will be granted is a matter of sound judicial discretion." Ill.Rev.Code, ch. 110A, p 315(a). The Rule delineates several factors which are to be considered in determining whether to grant a petition. There is no evidence that the petition for leave was denied due to appellate counsel's late notification to Jones rather than the proper exercise of discretion by the Illinois Supreme Court pursuant to Rule 315. Since Jones has been unable to show that he has been prejudiced by counsel's conduct, his ineffective assistance of counsel claim fails.[1]
 
 CONCLUSION
 
 18
 For these reasons, petitioner Alton Jones' petition for a writ of habeas corpus is DENIED.
 
 James F. Holderman
 JAMES F. HOLDERMAN
 United States District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The court need not address respondent's contention that Jones failed to exhaust his state remedies before raising the ineffective assistance of counsel claim in his habeas petition because the court finds there was no prejudice to Jones by appellate counsel's conduct