25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Luciano Collaza VILLAREAL, Petitioner-Appellant,
v.
Jack COWLEY, Respondent-Appellee.
 No. 93-5250.
 United States Court of Appeals,
Tenth Circuit.
 June 2, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Luciano Collaza Villareal appeals the district court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Because we find no error with the determination of the district court, we affirm.
 
 
 3
 Petitioner entered pleas of guilty and nolo contendere to various felonies in Oklahoma state court in 1984. He did not seek to withdraw his pleas, nor did he file a direct appeal of his convictions. The alleged involuntariness of petitioner's guilty plea is the ultimate basis for his claim to habeas relief.
 
 
 4
 Petitioner's first state post-conviction proceeding resulted in limited relief for petitioner. He did not properly perfect an appeal of this state court determination. In 1992, petitioner initiated a second state post-conviction proceeding, in which he raised the involuntary plea issue and which resulted in complete denial of relief to petitioner. The Oklahoma court held that petitioner had given no reason for his failure to file a direct appeal or to raise the issues he then complained of in his first state post-conviction proceeding as required under Oklahoma law. R. Vol. I, doc.4 at 3-5. This judgment was affirmed on appeal by the Oklahoma Court of Criminal Appeals.
 
 
 5
 Petitioner then filed this petition for a writ of habeas corpus in the United States District Court for the Northern District of Oklahoma. His petition alleged violation of his constitutional due process rights because of the failure of the Oklahoma court on his second post-conviction proceeding to reach the merits of his petition. He further seemed to allege that he had demonstrated sufficient cause for his failure to raise the involuntariness of his plea in his first post-conviction proceeding, because he was assisted in that proceeding by an inadequately trained inmate law clerk furnished by the Oklahoma Department of Corrections.
 
 
 6
 The district court found petitioner's claims to be procedurally barred. We agree. As noted above, the Oklahoma state court, in reviewing petitioner's second application for post-conviction relief, held that plaintiff had neither appealed his conviction nor offered any cause for having failed to do so. The court identified state law holding that "the failure to file a timely direct appeal waives all issues which could have been raised on appeal unless a sufficient reason is given for the failure to do so." Id. at 4. Petitioner's failure to raise the involuntariness of his plea on direct appeal or to establish cause for such failure in his first petition for post-conviction relief, therefore, required dismissal of his second state petition. The court further found that petitioner's ineffective assistance of counsel issue raised in the first state post-conviction proceeding had been denied, rendering the issue res judicata for purposes of the second application.
 
 
 7
 Because the state court's refusal to hear petitioner's claim regarding the involuntary nature of his plea rests on an independent and adequate state procedural rule, federal habeas relief will not lie unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991).
 
 
 8
 The district court analyzed petitioner's claims under Coleman's "cause and prejudice" standard and "fundamental miscarriage of justice" standard and properly found no basis for relief. Specifically, we note that petitioner has no federal constitutional right to effective assistance of counsel at the post-conviction level, Carter v. Montgomery, 769 F.2d 1537, 1543 (11th Cir.1985)(no right to counsel at state habeas proceeding and no per se rule that such lack of counsel mandates a federal evidentiary hearing); Morrison v. Duckworth, 898 F.2d 1298, 1301 (7th Cir.1990)(because there is no constitutional right to counsel in collateral proceedings, ineffective assistance of counsel claim in state proceedings cannot establish cause for procedural default), and that any failure on the part of the inmate who was assisting with petitioner's first state post-conviction petition could not have served as cause to explain petitioner's earlier failure to take a direct appeal from his conviction.
 
 
 9
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470