51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David WILSON, Petitioner-Appellant,
v.
George WELBORN,[1] Warden of Joliet
Correctional Center, State of Illinois, Respondent-Appellee.
 No. 93-4006.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1995.*
Decided March 22, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 David Wilson, a petitioner for habeas corpus pursuant to 28 U.S.C. Sec. 2254, appeals the dismissal of his petition in which he claims (1) denial of due process because he failed to receive a preliminary hearing, (2) the improper exclusion of the only potential black juror from the case, (3) ineffective assistance of counsel at trial, (4) ineffective assistance of counsel on direct appeal, (5) prosecutorial misconduct at trial and (6) violation of due process due to defective jury instructions. We affirm.
 
 
 2
 On July 10, 1978, Wilson was convicted of murder and sentenced to a term of thirty to one hundred years. Both he and co-defendant Alvoil Cawley appealed their convictions, although Wilson did not timely file an appeal to the Illinois Supreme Court thereafter. Instead, on September 15, 1981, he filed a pro se petition for post-conviction relief in which he raised the first five issues. His petition languished for years without action. On April 6, 1989, Wilson's appointed counsel filed an amended post-conviction petition elaborating these claims.[2] The trial court granted the State's motion to dismiss the petition. On appeal, Wilson's appointed appellate post-conviction counsel chose to ignore the five claims raised in the petition and instead appealed on the basis of erroneous jury instructions and the ineffective assistance of post-conviction trial counsel by failing to raise this sixth issue below. The Illinois Court of Appeals affirmed Wilson's appeal, and the Illinois Supreme Court denied leave to appeal.
 
 
 3
 In pursuing his post-conviction remedy, Wilson failed to raise his first five claims before either the state appellate or supreme court.[3] Although he had also previously raised his first claim concerning his right to a preliminary hearing on direct appeal, he also had failed to seek timely review by the state supreme court. Thus, Wilson has procedurally defaulted on his first five claims. Jones v. Washington, 15 F.3d 671, 675 (7th Cir.) (holding that Illinois prisoner procedurally defaulted in post-conviction action by failing to raise claim in petition to Illinois Supreme Court), cert. denied, 114 S.Ct. 2573 (1994); Mason v. Gramley, 9 F.3d 1345, 1347 (7th Cir.1993) (holding that Illinois prisoner procedurally defaulted on direct appeal by failing to appeal to Illinois Supreme Court).
 
 
 4
 In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Supreme Court held that a state prisoner who has procedurally defaulted must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Wilson has failed to show cause for his default. Since he has no right to counsel in state post-conviction proceedings, his appellate post-conviction counsel's failure to raise these claims does not constitute cause. Id. at 752-53. Furthermore, with respect to the first claim, which concerns the preliminary hearing issue that was also raised on direct appeal, Wilson has not attempted to argue that the ineffectiveness of his appellate counsel on direct appeal constitutes cause for his failure to appeal to the state supreme court. Even if Wilson attempted to do so, his procedural default on his claim of ineffective assistance of appellate counsel prevents him from relying on it as a basis for showing cause. Morrison v. Duckworth, 898 F.2d 1298, 1301 (7th Cir.1990) ("Because he did not establish cause for defaulting on his claims of ineffective assistance of trial and appellate counsel, he cannot advance these claims as cause for his failure to present other claims at trial and on direct appeal."). Furthermore, Wilson has not demonstrated a fundamental miscarriage of justice by showing that a constitutional violation has "probably resulted in the conviction of one who is actually innocent."[4] Therefore, the district court properly dismissed these claims.
 
 
 5
 In the sixth claim in his federal habeas petition, Wilson claims that the jury was not properly instructed on the elements of the offenses of murder and voluntary manslaughter, and he quotes the Supreme Court of Illinois to support his claim. People v. Reddick, 526 N.E.2d 141, 142-43 (Ill.1988). This court has held that the facts underlying a Reddick violation also constitute a violation of due process under the Fourteenth Amendment. Falconer v. Lane, 905 F.2d 1129, 1136 (7th Cir.1990) (holding that former Illinois murder and voluntary manslaughter jury instructions violated due process "because jury may have been left with the false impression that it could convict the petitioner of murder even if she possessed one of the mitigating states of mind described in the voluntary manslaughter instruction.").
 
 
 6
 Wilson did not raise the jury instruction issue in his state post-conviction petition or amended petition. However, on appeal from the dismissal of his petition, he argued both a Reddick violation itself and the ineffectiveness of counsel for not raising this claim. In response, the State argued that he had waived this issue and in the alternative that his counsel was not ineffective because Reddick did not apply retroactively. The state appellate court treated Wilson's arguments as a single claim for ineffective assistance of post-conviction counsel. The court denied the ineffective assistance claim for lack of prejudice because the underlying substantive issue lacked merit. It did not mention waiver. Wilson's request for leave to appeal to the state supreme court was denied.
 
 
 7
 In the district court, in response to the State's motion to dismiss on the grounds of procedural default, Wilson contended that he based his claim directly on Reddick and Falconer. However, even assuming both that he did not procedurally default on his Reddick claim and that his Reddick claim in state court also adequately raised a federal Falconer claim, Wilson's argument lacks merit. Wilson's trial took place long before either Reddick or Falconer were decided. A Reddick claim is based on state law alone and thus does not provide a basis for federal habeas relief, Verdin v. O'Leary, 972 F.2d 1467, 1476 (1992), nor would it apply retroactively to govern Wilson's trial, People v. Flowers, 561 N.E.2d 674, 682 (Ill.1990). The Falconer rule has also been found to constitute a "new" rule that does not apply retroactively. Gilmore v. Taylor, 113 S.Ct. 2112, 2119 (1993). Therefore, Wilson's claim is meritless.
 
 
 8
 In his response to the government's motion to dismiss for procedural default, Wilson had argued in part that his sufficiency of the evidence claim on direct appeal had exhausted his remedies for his Reddick/Falconer claim because the state court's failure to recognize the error before Reddick demonstrated the futility of pursuing it. While Wilson awaited a decision in the district court, the Supreme Court announced that Falconer did not apply retroactively. After the judgment against him for this reason, Wilson attempted to argue in his petition for a certificate of probable cause and on appeal that he was not claiming a Falconer or Reddick violation after all. Instead, he sought to characterize it as a different due process violation based on the insufficiency of the evidence claim, which he formerly had used to indirectly support his Falconer claim, and an alleged failure to instruct the jury on self-defense.[5] Wilson failed to raise this new claim as such before the district court and has forfeited it.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Pursuant to our order of February 24, 1994, respondent Salvador Godinez has been removed from this case and replaced by George Welborn. Fed.R.App.P. 43(c)(1)
 
 
 [2]
 We note that the district court incorrectly stated that the jury instruction claim was raised in his amended state post-conviction petition
 
 
 [3]
 In these proceedings, Wilson attempted to file a pro se supplemental brief raising the these issues. The Illinois Court of Appeals granted the State's motion to strike this additional brief. The Illinois Supreme Court denied him leave to file a petition for writ of mandamus, in which he sought the court to order the court of appeals to file his supplemental brief for consideration. Neither court has considered the claims on the merits
 
 
 [4]
 Schlup v. Delo, 115 S.Ct. 851, 866 (1995) (holding that standard of "probably resulted in the conviction of one who is actually innocent," and not "clear and convincing" standard of Sawyer v. Whitley, 112 S.Ct. 2514, 2519 (1992), applies to procedural default analysis of claim attacking conviction in death penalty case); Milone v. Camp, 22 F.3d 693, 701 (7th Cir.1994) (declining to decide whether higher Sawyer standard applies to procedural default analysis in habeas petition contesting conviction), cert. denied, 155 S.Ct. 720 (1995)
 
 
 [5]
 We note that the record contains no evidence to suggest that the jury was not instructed on the issue of self-defense. With respect to the claim that the evidence was insufficient to find him guilty of murder, Wilson raised this claim on direct appeal from his conviction, and it may have been incorporated by reference in his amended post-conviction petition (the record is unclear). However, we note that although the state post-conviction appellate counsel referred to the evidence to illustrate the prejudice caused by the Reddick error, Wilson's counsel never submitted for state supreme court review the separate claim of insufficiency of the evidence