**UNITED STATES of America ex rel. Sherman BICKHAM, Petitioner,**

v.

**Michael LANE, et al., Respondents.**

**No. 86 C 9397.**

United States District Court, N.D. Illinois, E.D.

May 20, 1987.

Supplemental Opinion June 23, 1987.

John T. Theis, Chicago, Ill., for petitioner.

Sherman Bickham, pro se (on petition for reconsideration).

Kenneth A. Fedinets, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Sherman Bickham ("Bickham") has filed a 28 U.S.C. § 2254 ("Section 2254") petition for a writ of habeas corpus (the "Petition") against Illinois Department of Corrections Director Michael Lane and Danville Correctional Center Warden Michael Neal. As called for in Rule 5 of the Rules Governing Section 2254 Cases in the United States

District Courts,[1] defendants have answered the Petition and filed a transcript of the proceedings in the state trial court. For the reasons stated in this memorandum opinion and order, this Court finds no evidentiary hearing is required and dismisses Bickham's Petition (see Rule 8(a)).

### Procedural Background

On November 4, 1981 Bickham was arrested and charged with rape.[2] Following a jury trial in August 1982, Bickham was convicted of that crime and sentenced to 30 years in prison (R. 512). On March 29, 1984 the conviction was affirmed in *People v. Bickham*, 122 Ill.App.3d 1155, 86 Ill.Dec. 300, 475 N.E.2d 297 (1st Dist.1984). Appointed counsel represented Bickham during both the trial and the appeal.

On December 3, 1986 Bickham filed his pro se Petition for habeas relief in this Court, raising the same constitutional arguments the state Appellate Court had rejected.[3] Upon receipt of Bickham's Petition this Court appointed counsel to represent him—an experienced, highly competent and conscientious lawyer, John Theis, Esq. ("Theis"). When the substantive issues posed by the Petition and defendants' Answer had been fully briefed by counsel for the parties and submitted for decision, this Court noted and drew to counsel's attention two issues they had not addressed:

1. Had Bickham filed a petition for leave to appeal the Illinois Appellate Court's affirmance of his conviction to the Illinois Supreme Court?

2. If not, did Bickham thus waive his right to habeas relief on grounds he might have presented but did not present to the Illinois Supreme Court?

Both sides have responded with supplemental memoranda, as requested in this Court's April 17, 1987 letter identifying those issues.

According to the Appellate Court Clerk's docket, Bickham did not file such a petition for leave to appeal (D.Supp.Mem. 2). However, four documents Bickham has provided to this Court (collectively the "documents")[4] indicate he did tender such a petition some time after October 24, 1984—about seven months after the Appellate Court's decision. Those documents include:

1. Bickham's "Supporting Affidavit" dated October 24, 1984 (apparently mailed to the Illinois Supreme Court), praying "in the nature of Forma Pauperis" and referring to an "attached motion for a rehearing in the Supreme Court of Illinois";

2. State of Illinois Supreme Court Clerk's letter dated November 30, 1984 and addressed to Bickham, notifying him of the following order:

> The portion of the motion by petitioner for leave to file a petition for leave to appeal is denied. The part of the motion for leave to sue as a poor person is allowed;

3. Bickham's "Certificate of Proof of Service" dated December 25, 1984 (also apparently mailed to the Illinois Supreme Court), referring to a "Motion for A Rehearing in the Supreme Court of Illinois, pursuant to a recent denial of my motion for leave to appeal to the Supreme Court of Illinois ..."; and

---

1. All further citations to those Rules will simply take the form "Rule—."

2. Bickham was also charged with aggravated kidnapping, but that charge was later dropped (R. 42–43).

3. Those constitutional claims are:
   1. denial of the right to due process and the right to present a defense when the trial judge, by ruling Bickham could be impeached with evidence as to the length of a sentence imposed for a prior offense, effectively precluded Bickham from testifying on his own behalf;

2. denial of the right to conflict-free counsel when, after Bickham had moved pro se for new counsel because previously-appointed counsel was incompetent, (a) that counsel failed to withdraw and (b) the trial judge failed to appoint new counsel; and

3. denial of the right to due process because there was insufficient evidence to have led a rational trier of fact to find guilt beyond a reasonable doubt.

4. Bickham Supp.Mem. 2's motion to supplement the record with the documents is granted.

4. State of Illinois Supreme Court Clerk's letter dated January 31, 1985, notifying Bickham his motion for reconsideration of the November 30, 1984 order had been denied.

### Exhaustion

■ Defendants' Answer (a) to the Petition admits, and this Court finds, Bickham has exhausted all presently available state court remedies. Because no further direct appeal to the Illinois Supreme Court remains open, the only potential state court remedy would have been the alternative supplied by the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, ¶¶ 122–1 to 122–8. And because the grounds now asserted as a basis for habeas relief were raised in the direct appeal, the Illinois Appellate Court's decision adverse to Bickham establishes claim preclusion ("res judicata") as to those grounds, foreclosing such alternative post-conviction relief. *People v. James*, 46 Ill.2d 71, 263 N.E.2d 5 (1970).

### Waiver

■ Waiver is another matter. Citing *Nutall v. Greer*, 764 F.2d 462 (7th Cir. 1985),[5] Defendants' Supp. Mem. 1 urges Bickham waived his right to habeas relief by not petitioning the Illinois Supreme Court for leave to appeal from the Appellate Court's decision. *Nutall*, 764 F.2d at 465 teaches:

> [A] convicted state prisoner who fails to seek leave to present to the highest state court the constitutional objections that form the basis of his federal habeas petition waives those objections unless he can show cause for his default and prejudice from the alleged constitutional infirmities.

Bickham's Supp.Mem. does not suggest the cause-and-prejudice test is satisfied here, entitling Bickham to be excused from his procedural default. Instead Bickham's Supp.Mem. 2 urges (based on the documents provided this Court) no default ever occurred:

> The above-described documents do not appear to complete the record in this cause, and the reasons why the full petition for leave to appeal do not appear in the state court file in this cause are not clear; however, the documents do indicate that the defendant, acting in his own person, made a substantial effort to appeal his cause to the court of highest jurisdiction in the state of Illinois, and thus the body of law cited by the Court and the respondents, including *Nutall v. Greer*, 764 F.2d 462 (7th Cir.1985), is inapplicable to the instant cause.

But counsel's argument, focusing as it does on the incompleteness of the state court file, ignores the fundamental problem with Bickham's "substantial effort" to have the Illinois Supreme Court review his constitutional claims: That effort came about six months too late. Under Illinois Supreme Court Rule 315(b) (Ill.Rev.Stat. ch. 110A, ¶ 315(b)) Bickham had 35 days from the March 29, 1984 Appellate Court decision to file his petition with the Illinois Supreme Court. Because Bickham waited until at least October 25, 1984 to file his petition, it was almost surely doomed to be (and was in fact) automatically rejected on timeliness grounds [6]—just as it would have been had he waited until last week to file it, in an attempt to avoid the result in *Nutall*.[7] That being so, the Illinois Supreme Court "had no opportunity to rule on the constitutional issues presented" (*Nutall*, 764 F.2d

5. This Court's April 17, 1987 letter had called *Nutall* to the parties' attention, inquiring whether defendants were prepared to waive the issue of Bickham's waiver (if the latter defense were in fact available).

6. What the Illinois Supreme Court did was (1) to permit Bickham to file in forma pauperis but (2) to *deny* him leave to file his tardy petition for leave to appeal.

7. Of course, under its Rule 315(b) the Illinois Supreme Court has the power to "extend the time for petitioning for leave to appeal, but such motions are not favored and will be allowed only in the most extreme and compelling circumstances." That language reads very much like that Court's own version of the cause-and-prejudice test, and the mere possibility that Bickham's very late petition to that Court could have been considered on the merits "in the most extreme and compelling circumstances" does not alter the analysis or the result here.

at 464). In legal terms this case is no different from *Nutall*, even though the prisoner in that case did not file even a belated petition for leave to appeal to the Illinois Supreme Court: Precisely the same comity and federalism principles come into play.

Accordingly, *Nutall* teaches this Court must dismiss Bickham's habeas petition on waiver grounds unless he (1) had cause for his procedural default and (2) would suffer prejudice from the alleged constitutional infirmities. On that score, Bickham's Supp.Mem.—prepared by Bickham's highly qualified and resourceful attorney—is understandably silent (although those issues were the ones this Court's April 17 letter specifically asked the parties to address).[8] Because the cause-and-prejudice exception to the waiver rule is thus inapplicable here, this Court dismisses Bickham's habeas Petition without reaching the merits of the constitutional claims raised in that Petition.

### Conclusion

There is no need for an evidentiary hearing, nor is there any genuine issue of material fact. Bickham has waived his Petition's arguments that he is "in custody in violation of the Constitution." Lane is entitled to a judgment as a matter of law. Bickham's Petition is dismissed.

### SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's May 20, 1987 memorandum opinion and order (the "Opinion")[1] dismissed Bickham's Petition for a writ of habeas corpus. In accordance with the teaching of *Nutall v. Greer*, 764 F.2d 462, 465 (7th Cir.1985), Opinion at 79–80 found

---

8. Indeed, the very filing of Bickham's petition for leave to appeal—late as it was—strongly suggests the improbability of any "cause" existing for his failure to have filed a timely petition.

1. This opinion will (1) assume familiarity with the factual statement in the Opinion and (2) follow the same usage of defined terms.

2. This week's Federal Supplement advance sheet carries an opinion by this Court's colleague, Honorable Prentice Marshall, criticizing *Nutall* for the unrealistic nature of the leave-to-appeal

Bickham had waived his constitutional claims for habeas relief by not filing a timely petition for leave to appeal the Illinois Appellate Court's affirmance of his conviction to the Illinois Supreme Court.[2] Bickham has now filed a pro se motion for reconsideration of the Opinion.[3] For the reasons stated in this memorandum opinion and order, the motion is denied.

### Background

Bickham was represented by counsel during the direct appeal of his rape conviction. After the Appellate Court handed down its March 29, 1984 [4] decision affirming Bickham's conviction (*People v. Bickham*, 122 Ill.App.3d 1155, 86 Ill.Dec. 300, 475 N.E.2d 297 (1st Dist.1984)), counsel did not file a petition for leave to appeal to the Illinois Supreme Court. Under Illinois Supreme Court Rule 315(b) (Ill.Rev.Stat. ch. 110A, ¶ 315(b)), such petitions must be filed within 35 days after entry of the Appellate Court's judgment.

On October 25 (about *seven months* after the Appellate Court had ruled) Bickham filed a pro se petition for leave to appeal with the Illinois Supreme Court. Because that late petition was rejected on timeliness grounds, Opinion at 79–80 concluded the Illinois Supreme Court had no opportunity to rule on the merits of the constitutional issues presented—just as was true in *Nutall*. After noting Bickham's attorney (in this habeas action) had offered nothing to suggest the cause-and-prejudice exception to the waiver rule was satisfied, Opinion at 80 therefore found the constitutional issues raised in the habeas petition were waived.

---

requirement in real world terms (*United States ex rel. Moore v. Thieret*, 657 F.Supp. 1148, 1152 n. 2 (N.D.Ill.1986)). Judge Marshall is right, but our Court of Appeals has specifically continued to adhere to *Nutall* in a number of recent opinions—and this Court must of course do the same.

3. All references to the motion will take the form "Motion ¶ —."

4. Because all the relevant dates were in 1984, no further year designations will be made.

*Motion for Reconsideration*

■ Bickham's current pro se motion urges Bickham did indeed have "cause" for his failure to file a timely petition with the Illinois Supreme Court, explaining:

1. Bickham's attorney in the direct appeal never informed Bickham of the Appellate Court's March 29 opinion (Motion ¶ 5).

2. Bickham wrote (at some point) to Steven M. Ravid ("Ravid"), an Administrative Attorney for the Illinois Appellate Court, inquiring as to the status of his appeal (Motion ¶ 4).

3. Bickham did not learn of the Appellate Court's March 29 decision until September 10, when he received a copy of the Court's order from Ravid (Motion ¶ 4 and Ex. A).

Even if each of those allegations is accepted as true, Bickham's failure to file a timely petition with the Illinois Supreme Court still cannot be excused. As an initial matter, Bickham is silent as to why this Court should not ascribe to Bickham what may be considered his attorney's tactical decision not to file a petition for leave to appeal.[5] As *Jones v. Estelle*, 722 F.2d 159, 167 (5th Cir.1983) said on a related issue (whether omission of a claim from an earlier habeas writ may be excused):

> When a petitioner was represented by competent counsel in a fully prosecuted writ he cannot by testimony of personal ignorance justify the omission of claims when awareness of those claims is chargeable to his competent counsel.

Thus it is legally irrelevant that Bickham may not have known of the Appellate Court's March 29 opinion until September 10. He was represented by an attorney who was notified of the decision and then chose on Bickham's behalf not to appeal it.

■ But a decision limited to that ground might not be the end of the matter. Bickham (despite the point made in n. 5) could then shift the line of his attack to the asserted incompetence of his counsel. For that reason it may be assumed arguendo that the delay in Bickham's learning of the Appellate Court's ruling until September 10 is something for which he cannot be faulted.[6] Even if Bickham is thus given the benefit of every doubt by ignoring the passage of time from March 29 until September 10, Bickham still failed to meet the Illinois Supreme Court's 35–day deadline.

If those 35 days are counted from September 10 instead of March 29, Bickham's petition should still have been filed no later than October 15. Bickham waited until at least October 24 to file. Nothing in his motion even hints he had "cause" for not filing within 35 days—a full five weeks—from the date he learned of the Appellate Court's decision.[7]

It makes no difference whether Bickham missed that 35–day deadline by ten days (counting from September 10) or six months (counting from March 29). Either way, the result was the same under the Illinois Supreme Court Rule: dismissal of the petition by that Court on timeliness grounds, without a ruling on the constitutional issues presented. And as Opinion at 79–80 noted, because the Illinois Supreme Court had no opportunity to rule on the merits, this case is no different in legal terms from *Nutall*. Principles of comity and federalism require dismissal of Bickham's habeas Petition without reaching the merits of the constitutional claims raised in that Petition.

---

**5.** Bickham has not asserted his counsel was incompetent. On that score *Nutall*, 764 F.2d at 465 observes the decision not to file such a petition is not "per se ineffective assistance of counsel" (the opinion characterized such a decision as "tactical").

**6.** This arguendo assumption should not be mistaken for a holding. It is certainly fair to question whether it is really appropriate to excuse Bickham for having failed to inquire (of either his attorney or the Court) about the status of his case for seven months. Surely at some point in time such a delay in inquiry has to be viewed as unreasonable—as unjustified. Fortunately this Court is not required to consider or decide where that watershed lies.

**7.** All Motion ¶ 6 says is this:
> [T]he Petition for Leave to Appeal to the Illinois Supreme Court was filed as expeditously (sic) as his knowledge allowed after receiving a copy of the Appellate Court's decision on September 10, 1984....

### Conclusion

Bickham's motion for reconsideration is denied.