779 F.Supp. 81 (1991)
UNITED STATES of America ex rel. Albert JOHNSON, Petitioner,
v.
PEOPLE OF the STATE OF ILLINOIS, Thomas P. Roth, Warden, Stateville Penitentiary, Respondents.
No. 91 C 3921.
United States District Court, N.D. Illinois, E.D.
October 17, 1991.
Albert Johnson, pro se.
Thomas Lee Ciecko, Illinois Atty. General's Office, Chicago, Ill., for People of State of Illinois.
Thomas Lee Ciecko, Terence Madsen, Illinois Atty. General's Office, Chicago, Ill., for Thomas P. Roth.

MEMORANDUM OPINION AND ORDER
ILANA DIAMOND ROVNER, District Judge.

I. INTRODUCTION
Petitioner Albert Johnson ("Johnson") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is Thomas Roth ("Roth"), the warden of the prison in which Johnson is incarcerated.[1] *82 The petition arises out of Johnson's conviction on December 13, 1985 by a jury in the Circuit Court of Cook County, Illinois on two counts of attempted murder. As a result of these convictions, Johnson was sentenced to concurrent prison terms of thirty and forty years. Johnson's petition alleges a variety of errors by the state trial court which purportedly violated his fourth, fifth, sixth, and fourteenth amendment rights. Roth has moved to dismiss the petition on the ground that Johnson waived any rights to federal habeas corpus relief by failing to seek leave to appeal his conviction to the Illinois Supreme Court. For the reasons enumerated below, the Court will grant Roth's motion and will dismiss the petition.

II. ANALYSIS
Petitioner concedes that he failed to seek leave to appeal to the Illinois Supreme Court on the basis of the arguments advanced in the habeas petition before this Court, although those same arguments were the subject of his direct appeal before the Illinois Appellate Court. Once the appellate court rejected Johnson's arguments, he did not seek leave to appeal that decision to the Illinois Supreme Court. In these circumstances, Johnson clearly has waived the arguments advanced in his habeas petition unless he can establish "cause" for his failure to seek leave to appeal before the Illinois Supreme Court and prejudice from the constitutional infirmities alleged in his petition.
Before petitioning for habeas corpus relief before a federal court, a state prisoner must provide the state courts a full and fair opportunity to address any constitutional errors that may have been committed by the state trial court. See Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam); Morrison v. Duckworth, 898 F.2d 1298, 1300 (7th Cir.1990). This requirement is consistent with basic principles of comity, finality, and federalism. See Engle v. Isaac, 456 U.S. 107, 134, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982); Nutall v. Greer, 764 F.2d 462, 463 (7th Cir.1985). In Nutall, the Seventh Circuit held that a convicted state prisoner "who fails to seek leave to present to the highest state court the constitutional objections that form the basis of his federal habeas petition waives those objections unless he can show cause for his default and prejudice from the alleged constitutional infirmities." 764 F.2d at 465; see also Coleman v. Thompson, ___ U.S. ___, ___, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); Engle, 456 U.S. at 129, 102 S.Ct. at 1572-73; Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); United States ex rel. Tonaldi v. Elrod, 782 F.2d 665, 668 (7th Cir.1986). To satisfy the "cause" requirement, a habeas petitioner must show "`that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Coleman, ___ U.S. at ___, 111 S.Ct. at 2566 (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). To show prejudice, petitioner must demonstrate "`not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Murray, 477 U.S. at 488, 106 S.Ct. at 2645 (quoting United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982)).
In attempting to establish cause, Johnson contends that he was never notified by his appellate counsel that the Illinois Appellate Court had affirmed his conviction, and therefore, he had no basis upon which to seek leave to timely appeal that decision to the Illinois Supreme Court. The Illinois Appellate Court affirmed Johnson's convictions on October 19, 1989. According to petitioner, however, he only discovered on June 13, 1991 that his conviction had been affirmed, and then only after sending a series of letters and making various telephone calls in order to track down the information. Although his appellate attorney may have known that the conviction was affirmed, Johnson maintains that the attorney never conveyed that information to him. Thus, petitioner purportedly had no notice of the appellate court's decision *83 until June 13, 1991, and he, therefore, contends that he did not waive his constitutional arguments by failing to petition the Illinois Supreme Court for leave to appeal.
In light of Johnson's response to the motion, the Court on September 3, 1991, ordered respondent to submit a supplemental memorandum addressing whether petitioner or his attorney had notice of the decision of the Illinois Appellate Court prior to June 13, 1991. Along with that memorandum, Roth submitted the affidavit of Gregory W. O'Reilly ("O'Reilly"), the attorney who represented Johnson on his direct appeal before the Illinois Appellate Court. O'Reilly states that within the time required for the filing of a petition for leave to appeal to the Illinois Supreme Court, he informed Johnson that his convictions had been affirmed. (O'Reilly Aff. ¶ 5.) O'Reilly also informed Johnson that he would not be filing a petition for leave to appeal to the Illinois Supreme Court on Johnson's behalf. (Id.) Accordingly, Roth maintains that Johnson did have notice of the appellate court's decision and that no appeal to the Illinois Supreme Court would be taken by his attorney. With this information in hand, Johnson did not then seek leave to appeal on his own behalf. Roth contends that this procedural default in the state courts is a bar to federal habeas corpus relief.
Although petitioner and his attorney disagree on whether O'Reilly notified Johnson of the appellate court's decision, the resolution of that factual question is legally irrelevant to the issue of Johnson's procedural default, because when the appellate court rendered its decision, Johnson was represented by a competent attorney who received notice of that decision. Therefore, Johnson himself is charged with the requisite notice. See United States ex rel. Brim v. Peters, 1990 WL 78260, *1, 1990 U.S. Dist. LEXIS 6661, *3 (N.D.Ill. May 30, 1990) (Williams, J.); United States ex rel. Bickham v. Lane, 662 F.Supp. 77, 81 (N.D.Ill.1987) (Shadur, J.). Just last term, the Supreme Court explained that attorney misconduct generally cannot constitute "cause" under the "cause and prejudice" test "because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must `bear the risk of attorney error.'" Coleman, ___ U.S. at ___, 111 S.Ct. at 2566 (quoting Murray, 477 U.S. at 488, 106 S.Ct. at 2645); see also Link v. Wabash Railroad Co., 370 U.S. 626, 634, 82 S.Ct. 1386, 1390-91, 8 L.Ed.2d 734 (1962) (in "our system of representative litigation ... each party is deemed bound by the acts of his lawyer-agent"); Buelow v. Dickey, 847 F.2d 420, 426 (7th Cir.1988), cert. denied, 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989). Whether or not O'Reilly actually provided notice to his client, he made a decision, for whatever reason, not to take a further appeal of the appellate court decision affirming petitioner's convictions. That decision must be ascribed to Johnson through his attorney O'Reilly, and any failure by O'Reilly to notify or to consult with his client is not "cause" that would excuse a procedural default in state court. See Coleman, ___ U.S. at ___, 111 S.Ct. at 2566-67 (even attorney "ignorance or inadvertence" is not sufficient to constitute "cause" because the client bears the risk of his attorney's conduct).
The imputation of O'Reilly's knowledge to Johnson does not end the inquiry, however, because Johnson's next line of attack is to charge that O'Reilly was guilty of ineffective assistance of counsel in failing to file a motion for leave to appeal with the Illinois Supreme Court. See Bickham, 662 F.Supp. at 81. On September 17, 1991, Johnson filed a motion to amend his habeas petition to add a claim for ineffective assistance of his appellate counsel.[2] Attorney *84 error that rises to the level of ineffective assistance may constitute "cause" for a procedural default. Coleman, ___ U.S. at ___, 111 S.Ct. at 2567; see also Madyun v. Young, 852 F.2d 1029, 1033 (7th Cir.1988). Johnson's motion to amend his petition to add an ineffective assistance claim, therefore, is a last gasp effort to save his habeas petition from such a default. That effort, however, is unavailing.
The Supreme Court explained last term that "counsel's ineffectiveness will constitute cause [for a procedural default] only if it is an independent constitutional violation." Coleman, ___ U.S. at ___, 111 S.Ct. at 2567. Such a violation occurs only where petitioner had a constitutional right to counsel at the time of the alleged ineffectiveness. See Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); see also Coleman, ___ U.S. at ___, 111 S.Ct. at 2566; Williams v. Chrans, 945 F.2d 926, 932 (7th Cir.1991); Prihoda v. McCaughtry, 910 F.2d 1379, 1386 (7th Cir. 1990) ("ineffective assistance supplies `cause' only when the Constitution requires the state to assure adequate legal assistance."); Morrison, 898 F.2d at 1300-01.[3] Accordingly, the question posed by Johnson's ineffectiveness claim is whether petitioner had a constitutional right to counsel on a discretionary appeal before the Illinois Supreme Court. The Court concludes that he did not, and therefore, Johnson's claim for ineffective assistance of counsel does not allege an independent constitutional violation that would excuse the procedural default. Accordingly, the motion to amend the habeas petition to add a claim for ineffective assistance of counsel must be denied.
In Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Supreme Court held that criminal defendants have a right to appointed counsel as of right in their first appeal in state court. See Coleman, ___ U.S. at ___, 111 S.Ct. at 2568. This right "encompasses a right to effective assistance of counsel for all criminal defendants in their first appeal as of right." Id. (citing Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)). However, beyond the initial appeal of a criminal conviction, the Court has declined to extend the constitutional right to counsel. See Coleman, ___ U.S. at ___, 111 S.Ct. at 2568; Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); see also Buelow, 847 F.2d at 426 ("there is no constitutional right to counsel to pursue discretionary state appeals."). As the Court explained in Coleman, "neither the fundamental fairness required by the Due Process Clause nor the Fourteenth Amendment's equal protection guarantee necessitate[s] that States provide counsel in state *85 discretionary appeals where defendants already had one appeal as of right." ___ U.S. at ___, 111 S.Ct. at 2568. Although the Court in Coleman was reviewing the tardy filing of an appeal in a state collateral proceeding, it held that "[g]iven that a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review, it would defy logic for us to hold that Coleman had a right to counsel to appeal a state collateral determination of his claims of trial error." Id.; see also Williams, 945 F.2d at 932 ("There is no constitutional right to the assistance of counsel in a state collateral proceeding."). It would similarly defy logic to hold in these circumstances that Johnson had a right to counsel in pursuing a discretionary appeal to the Illinois Supreme Court. See Buelow, 847 F.2d at 426.
Accordingly, because Johnson had no right to counsel in pursuing a discretionary appeal before the Illinois Supreme Court, any attorney misconduct that may have resulted in his failure to take a discretionary appeal cannot constitute "cause" so as to excuse the procedural default in his federal habeas petition. See Williams, 945 F.2d at 932-33; Morrison, 898 F.2d at 1301 (habeas petitioner cannot utilize ineffective assistance of counsel to establish "cause" for a procedural default where he had no constitutional right to counsel); Buelow, 847 F.2d at 426.[4] Thus, Johnson has not established "cause" for his failure to file a petition for leave to appeal to the Illinois Supreme Court. As a result, the Court need not reach the issue of prejudice. See Morrison, 898 F.2d at 1301; Buelow, 847 F.2d at 425 ("The `cause and prejudice' test is conjunctive: A petitioner's inability to demonstrate either prong results in dismissal of his habeas petition before the merits of his claims can be reached.").[5] Because the Illinois Supreme Court had no opportunity to address the merits of the constitutional claims asserted in the present petition, principles of comity and federalism require that the Court dismiss the petition without reaching the merits. See Bickham, 662 F.Supp. at 81.

III. CONCLUSION
For the reasons set forth above, respondent's motion to dismiss the petition for habeas corpus is granted. Johnson's petition is dismissed.
NOTES
[1] Johnson's petition also names the People of the State of Illinois as additional respondents. However, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "the state officer having custody of the applicant shall be named as respondent." Thus, Roth is the only proper respondent, and accordingly, the People of the State of Illinois are dismissed as respondents to the petition.
[2] To date, the Court has taken no action on that motion but has held the motion in abeyance pending a decision on respondent's motion to dismiss the petition. Although the Court ultimately rejects the argument that ineffective assistance of appellate counsel would constitute cause for Johnson's procedural default in this instance, the Court is impressed that Johnson, a pro se habeas petitioner, has advanced the argument. This demonstrates that Johnson is competent to represent himself in this proceeding and that there was no need for the Court to appoint counsel for him.
[3] In Madyun v. Young, 852 F.2d 1029, 1033 n. 2 (7th Cir.1988), the Seventh Circuit took a more limited view on the question of whether counsel was constitutionally required at the time of the alleged ineffectiveness. In dicta, the Court of Appeals wrote that although a habeas petitioner must establish both "that counsel was deficient and that counsel was constitutionally required" in order to demonstrate a constitutional violation based upon ineffective assistance of counsel, a showing of "cause" for purposes of excusing a procedural default implicates only the deficiency of counsel prong. Id. Thus, the Madyun court did not believe that a habeas petitioner should be required to establish that counsel was constitutionally required because "[t]he crucial determination in deciding whether counsel's failures provide cause for a default is not at what stage in the proceedings those failures occurred, but rather how seriously deficient was counsel's performance." Id. As a result, the Court of Appeals rejected respondent's argument in Madyun that because no constitutional right to counsel exists on discretionary review, a habeas petitioner could not possibly establish a constitutional claim for ineffective assistance. Id. In later decisions, however, the Court of Appeals seemingly has rejected the reasoning of the Madyun dicta. See Williams, at 932; Prihoda, 910 F.2d at 1386; Morrison, 898 F.2d at 1300-01; see also Buelow, 847 F.2d at 426. In any event, this Court believes that the Supreme Court's decision in Coleman completely forecloses the view expressed by the Seventh Circuit in Madyun. In Coleman, the Supreme Court plainly required that a habeas petitioner who asserts an ineffective assistance claim establish that he had a constitutional right to counsel at the time of the conduct at issue. See Coleman, ___ U.S. at ___, 111 S.Ct. at 2566-68. Absent such a constitutional right to counsel, any attorney error leading to a procedural default "cannot constitute cause to excuse the default in federal habeas." Id. at ___, 111 S.Ct. at 2568.
[4] Johnson does not argue in opposition to Roth's motion that federal review would be necessary to prevent a fundamental miscarriage of justice. See Coleman, ___ U.S. at ___, 111 S.Ct. at 2568; Murray, 477 U.S. at 496, 106 S.Ct. at 2649; Buelow, 847 F.2d at 427-28. After reviewing the arguments advanced in Johnson's petition, however, the Court concludes that a fundamental miscarriage of justice would not result from the refusal by this Court to address the merits of Johnson's petition.
[5] The Court would note that Johnson has not even addressed the issue of the prejudice to him of the constitutional infirmities advanced in his petition.