9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dale DAVIS, Petitioner/Appellant,
v.
Howard A. PETERS III, Director of the Illinois Department of
Corrections, and Roland W. Burris, Attorney
General of the State of Illinois,
Respondents/Appellees.
 No. 93-1420.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1993.*
Decided Nov. 2, 1993.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 91 C 5829, William T. Hart, Judge.
 
 
 1
 AFFIRMED.
 
 ORDER
 
 2
 Dale Davis appeals the denial of her petition for a writ of habeas corpus. We AFFIRM for the reasons stated in the attached memorandum opinion and order of the district court.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 4
 DALE DAVIS, Petitioner,
 
 
 5
 v.
 
 
 6
 HOWARD PETERS, Director of the Illinois Department of
 
 
 7
 Corrections, and ROLAND BURRIS, Attorney General
 
 
 8
 of the State of Illinois, Respondents.
 
 No. 91 C 5829
 MEMORANDUM OPINION AND ORDER
 
 9
 HART, District Judge.
 
 
 10
 Petitioner Dale Davis is currently in the custody of the Illinois Department of Corrections. On March 24, 1988, following a bench trial in the Circuit Court of Cook County, Illinois, Davis was found guilty of murder in violation of Ill.Rev.Stat. ch. 38, p 9-1-A(2). She also pleaded guilty to the concealment of a homicide in violation of Ill.Rev.Stat. ch. 38, p 9-3.1. Davis was sentenced to concurrent terms of 22 years' imprisonment for murder and four years' imprisonment for concealing the homicide.
 
 
 11
 On direct appeal to the Illinois Appellate Court, Davis contended, inter alia, that a statement she made to the police should have been suppressed because it was unlawfully obtained through the use of coercion, brutality, and intimidation in violation of her constitutional rights. She also contended that she was not proven guilty of murder beyond a reasonable doubt. In an unpublished order dated May 8, 1990, the Illinois Appellate Court for the First District affirmed the conviction and sentence.[1]
 
 
 12
 On February 15, 1991, Davis filed a pro se motion for leave to file a late petition for leave to appeal to the Illinois Supreme Court.[2] A petition for leave to appeal was attached thereto.[3] On April 8, 1991, the Illinois Supreme Court entered an order stating, "The motion by petitioner for leave to file a late petition for leave to appeal is denied."
 
 
 13
 On September 13, 1991, petitioner filed her federal habeas corpus petition pursuant to 28 U.S.C. Sec. 2254, alleging that she is entitled to relief on two grounds. First, petitioner alleges that the state trial court erred when it denied her motion to suppress the statement made to the police. Petitioner's second claim is that the evidence was an insufficient basis for finding her guilty beyond a reasonable doubt. In their initial answer, respondents argued that no meritorious claim was stated. The court then appointed counsel to represent Davis on her habeas corpus petition. Prior to counsel filing any brief, respondents supplemented their answer by adding the contention that Davis had waived any claim for federal relief by failing to timely petition for leave to appeal to the Illinois Supreme Court.[4] Respondents also made the additional argument that, to the extent use of her statement to the police was error, it was harmless. Through counsel, Davis then responded to the waiver argument and the arguments on the merits. In a reply, respondents add the additional argument that the insufficiency of the evidence claim was not fairly presented to the state court as a constitutional claim.
 
 
 14
 A petitioner who fails to seek review in the state's highest court waives her right to a federal writ of habeas corpus. Nutall v. Greer, 764 F.2d 462 (7th Cir.1985). In Nutall, the Seventh Circuit held that the principle of exhaustion is based upon rules of comity that restrain federal habeas corpus review of state convictions. The court further held that the same principles require that a prisoner who has failed to present a claim to the state's highest court be deemed to have forfeited her right to federal relief when, by her own default, she is no longer permitted under state rules to seek review in the highest court. "Some defendants may fail to appeal to the highest court not from any deliberate strategy but from simple inexcusable neglect. Such defendants bear the responsibility for their own default and do not present a compelling case for overriding the principle that a federal court should not intrude in a state's criminal process when the state's highest court has had no opportunity to rule on the constitutional issues presented." Id. at 464.
 
 
 15
 It is undisputed that Davis failed to perfect her appeal to the Illinois Supreme Court within the time permitted.[5] In Buelow v. Dickey, 847 F.2d 420 (7th Cir.1988), cert. denied, 489 U.S. 1032 (1989), the Seventh Circuit held that the petitioners in that case waived their right to obtain federal habeas corpus review of their convictions when they failed to file their petition for review by the Wisconsin Supreme Court within the statutory time limit. The court held that, as a matter of state law, the petitioners' failure to perfect their appeal within the statutory time limit was a procedural default and therefore the petitioners waived their claims for federal relief. Id. at 424-25. See also Coleman v. Thompson, 111 S.Ct. 2546 (1991). Similarly, in this case, although the parties disagree as to when Davis actually did file her petition for leave to appeal to the Illinois Supreme Court, they are in agreement that she failed to timely perfect her appeal and that such failure constitutes a procedural default under state law.[6] See United States ex rel. Johnson v. People of Illinois, 779 F.Supp. 81, 82 (N.D.Ill.1991); United States ex rel. Mark v. Chrans, 670 F.Supp. 1401, 1402 (N.D.Ill.1987); United States ex rel. Bickham v. Lane, 662 F.Supp. 77, 79-80 (N.D.Ill.1987); United States ex rel. Brim v. Peters, 1990 WL 78260 * 1 (N.D.Ill. June 4, 1990).
 
 
 16
 Still, federal habeas corpus review will not be barred if petitioner can show cause for her noncompliance and actual prejudice resulting from her procedural default. Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The Sykes cause and prejudice test is conjunctive; a petitioner must show both cause and prejudice to avoid dismissal of her petition on procedural default grounds. Buelow, 847 F.2d at 425.
 
 
 17
 Petitioner argues that her failure to perfect her appeal within the statutory time limit was due to her lack of knowledge regarding the procedures for perfecting an appeal, and her inability to procure legal assistance in the matter.[7] Petitioner's reply brief, Davis's affidavit attached to that brief, and Davis's statement contained in the motion for extension of time filed with the Illinois Supreme Court are somewhat inconsistent. Her allegations are as follows.
 
 
 18
 According to her current brief and affidavit, Davis learned of the Appellate Court affirmance in May 1990.[8] Her Appellate Court counsel timely filed the affidavit of intent to file a petition for leave to appeal, apparently with Davis's knowledge. She presently contends that, within the 35-day period for petitioning the Illinois Supreme Court, she contacted the State Appellate Defender for representation.[9] She also contends that during that time period she had no knowledge of how to pursue an appeal on her own and was not in contact with anyone who could advise her.[10] In a letter dated July 26, 1990, the Office of State Appellate Defender informed Davis that it could not represent her unless she requested representation from the Illinois Supreme Court and such a motion was granted. That letter briefly explains how to seek review and advises her to file a motion for leave to file a late petition if she had not already done so.[11] The letter also states that her Appellate Court counsel was contacted and he informed the Appellate Defender "that after [the Appellate Court counsel] made the determination that he would not be appealing [the] case to the Illinois Supreme Court, he advised [Davis] of the procedure for doing it [her]self and the time period in which a petition had to be filed." In her brief, she contends that following the advice in the letter from the Appellate Defender's Office, she filed her motion with the Illinois Supreme Court on October 19, 1990.[12] Davis indicated to the Illinois Supreme Court that she was waiting for copies of her Appellate Court briefs before she filed her petition for leave to appeal.
 
 
 19
 It is well established that a petitioner's pro se status and ignorance of the law are by themselves insufficient to establish cause. Barksdale v. Lane, 957 F.2d 379, 385-86 (7th Cir.), cert. denied, 113 S.Ct. 257 (1992) (collecting cases); Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir.1990); Baugh v. Lane, 722 F.Supp. 525, 531 (C.D.Ill.1989). Moreover, Davis did not file her motion with the Illinois Supreme Court until well beyond 35 days after she received the Appellate Defender's July 26, 1990 letter advising her of the procedures to follow. Even if Davis's various allegations are generously construed in her favor and it is assumed she did not have knowledge of the procedures and copies of her Appellate Court briefs until shortly before October 19, 1990, she still did not file her motion with the Illinois Supreme Court until November 26, 1990 or later. Therefore, even if ignorance could constitute cause, such ignorance was overcome more than 35 days before she actually made a motion before the Illinois Supreme Court and therefore could not constitute cause fully justifying her late filing. See Barksdale, 957 F.2d at 384; Bickham, 662 F.Supp. at 81; Brim, 1990 WL 78260 at * 2. Since Davis has not shown cause for her procedural default, it is unnecessary to also consider whether she has shown prejudice.[13] See Morrison v. Duckworth, 898 F.2d 1298, 1301 (7th Cir.1990).
 
 
 20
 IT IS THEREFORE ORDERED that respondents' motions in opposition to the petition [19, 39] are granted. The Clerk of the Court is directed to enter judgment in favor of respondents and against petitioner denying the petition for writ of habeas corpus.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The parties provide no document to indicate when judgment was entered on the order, entry of the judgment being the measuring point for seeking leave to appeal to the Illinois Supreme Court. See Ill.Rev.Stat. ch. 110A, paragraphs 315(b), 612(b); Welch v. Johnson, 147 Ill.2d 40, 588 N.E.2d 1119, 1120-21 (1992). Davis contends judgment was entered May 25, 1990
 
 
 [2]
 Respondents have provided a copy of the motion. A stamp of the Supreme Court Clerk on the first page of the motion indicates it was filed on February 15, 1991. In an affidavit attached to her brief in the present case, Davis states she filed the motion on October 19, 1990. However, the motion, the petition, and an affidavit filed along with them are all dated November 26, 1990. It is assumed that the motion was filed sometime between November 26, 1990 and February 15, 1991. Even if filed on October 19, 1990, a petition for leave to appeal would have been late
 
 
 [3]
 The petition for leave to appeal largely consists of the Appellate Court brief that her appointed counsel filed
 
 
 [4]
 Davis did not oppose the motion to supplement the answer
 
 
 [5]
 Depending on the circumstances, the time period for seeking leave to appeal from an Illinois Appellate Court judgment is 21 or 35 days. See Ill.Rev.Stat. ch. 110A, paragraphs 315(b), 612(b). Davis provides a copy of her affidavit of intent to file a petition for leave to appeal which has date stamps showing it was filed on May 25, 1990. Therefore, Davis's petition for leave to appeal was due 35 days after the Appellate Court entered judgment
 
 
 [6]
 There is no argument that Illinois arbitrarily enforces the time limitations for petitioning the Illinois Supreme Court so as to prevent violations of the time rules from being an adequate state ground for a procedural default. See generally Barksdale v. Lane, 957 F.2d 379, 384 (7th Cir.), cert. denied, 113 S.Ct. 257 (1992); Prihoda v. McCaughtry, 910 F.2d 1379, 1383-86 (7th Cir.1990). Section 315(b) specifically provides that motions to extend the time for petitioning for leave to appeal "are not favored and will be allowed only in the most extreme and compelling circumstances."
 
 
 [7]
 In the brief filed by her present counsel, Davis expressly disclaims any argument that her state court appellate counsel provided ineffective assistance. "The Petitioner is not claiming that her appellate counsel acted incompetently or was remiss or that the failure to timely perfect her appeal was a function of his activities. Rather, after the termination of his involvement on the Appellate Court level, the Petitioner had no further legal assistance. And she, herself,--a non-lawyer and unfamiliar with appellate procedure--was simply and reasonably unaware of the technicalities required to formally 'exhaust state remedies' as a condition precedent to Federal Habeas Corpus." Petitioner's Reply at 3. In any event, there is no right to counsel on the discretionary appeal to the Illinois Supreme Court. Freeman v. Lane, 962 F.2d 1252, 1259 n. 4 (7th Cir.1992); Johnson, 779 F.Supp. at 84-85. Since there is no right to counsel on appeal to the Illinois Supreme Court, there can be no cause based on ineffective assistance in filing the petition for leave to appeal to the Illinois Supreme Court. Coleman, 111 S.Ct. at 2567-68; Johnson, 779 F.Supp. at 84-85. Compare Freeman, 962 F.2d at 1258-59 (where counsel had already abandoned an issue on direct appeal, that can be ineffective assistance of counsel constituting cause for the failure to include the already defaulted issue in a petition for discretionary appeal)
 
 
 [8]
 Davis told the Illinois Supreme Court that she did not learn of the affirmance until "long after" the time for petitioning for leave to appeal had expired
 
 
 [9]
 She indicated to the Illinois Supreme Court that her Appellate Court counsel was going to represent her on appeal to the Illinois Supreme Court, but discontinued representation because she could not pay
 
 
 [10]
 That statement is inconsistent with her statement that she was able to contact the State Appellate Defender during that time period
 
 
 [11]
 Although stating in her brief that she received this letter in July 1990, Davis states in her affidavit that she had no knowledge of any appeal procedures until October 1990
 
 
 [12]
 The motion and other documents, however, are dated November 26, 1990 and the motion is file stamped as received on February 15, 1991
 
 
 [13]
 Under an exception, the cause requirement need not be satisfied in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Davis does not contend that she satisfies the exception and an examination of the record and her claims does not indicate that she would satisfy it